COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1327-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2023CF630

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

MATTHEW GUY O'DIERNO,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Rock County: JOHN M. WOOD, Judge. *Judgment modified and, as modified, affirmed; order reversed and cause remanded with directions.*

Before Graham, P.J., Kloppenburg, and Nashold, JJ.

¶1 KLOPPENBURG, J. Matthew O'Dierno seeks credit toward his sentence in this case for time he served in custody as a condition of probation ordered in an unrelated case (the "probation case"). When O'Dierno was arrested

on the charges in this case, O'Dierno was serving the conditional jail time in the probation case in the community with "full Huber privileges" and on an electronic monitoring bracelet.[1] The following happened after O'Dierno was arrested: in this case the circuit court set cash bail at $10,000; and in the probation case the Department of Corrections placed him on a probation hold (but did not revoke his probation), the court revoked his Huber privileges, and he served the remainder of the conditional jail time—118 days—in jail. When he completed that service, he remained in jail for 89 more days on this case as he awaited sentencing. The court granted O'Dierno 89 days of sentence credit and denied O'Dierno's postconviction motion for 118 additional days of credit.

¶2    O'Dierno argues that his service of the conditional jail time in custody in the probation case after he was arrested in this case was time that he "spent in custody in connection with" the conduct underlying the charges for which he was sentenced in this case, because it was based on that conduct that he was taken into and remained in custody. *See* WIS. STAT. § 973.155(1)(a) (providing for credit toward the service of a defendant's sentence "for all days spent in custody in connection with the course of conduct for which sentence was imposed"). Consequently, his argument continues, he is entitled to credit toward his sentence in this case for his service of that conditional jail time in custody.

---

[1] Under the "Huber Law," a circuit court at or after sentencing may grant a county jail inmate "the privilege of leaving the jail during necessary and reasonable hours" to pursue certain types of opportunities, such as employment or education, outside the jail facility. WIS. STAT. § 303.08 (2023-24). Here, it is undisputed that O'Dierno was not required to spend any hours in the jail facility before his Huber privileges were revoked.

All references to the Wisconsin Statutes are to the 2023-24 version.

¶3     We conclude that, even though O'Dierno was taken into and remained in custody for 118 days pursuant to the conditional jail time ordered in the probation case after he was arrested in this case, his service of those 118 days in custody was also a result of, and in connection with, the course of conduct for which the sentence in this case was imposed. Therefore, O'Dierno is entitled to credit toward his sentence in this case for his service in custody of that conditional jail time. We reject the State's arguments to the contrary, which are based on the rule articulated in *State v. Riley*, 175 Wis. 2d 214, 498 N.W.2d 884 (Ct. App. 1993), and explain our conclusion that the rule stated in *Riley* is inapplicable here.

¶4     Accordingly, we modify that portion of the judgment of conviction granting O'Dierno only 89 days of sentence credit and affirm the judgment as modified; we reverse the entirety of the order denying his postconviction motion for additional credit; and we remand with directions that the circuit court amend the judgment to reflect a total of 207 days (118 days plus 89 days) of sentence credit toward the sentence in this case.

## BACKGROUND

¶5     O'Dierno was arrested on the charges in this case on June 17, 2023, based on events that took place on that same date. His bond was set at $10,000.

¶6     At the time of his arrest in this case, O'Dierno was on probation in the probation case, which involved events that took place in September 2022. As part of the term of probation, O'Dierno was serving one year of conditional jail time in the community with Huber privileges and on an electronic monitoring bracelet. After his arrest in this case, the Department of Corrections placed him on a probation hold, the circuit court revoked his Huber privileges, and he served the remainder of the conditional jail time—118 days—in jail. His probation was not

revoked, and he completed the conditional jail time on October 12, 2023. O'Dierno remained in jail for an additional 89 days after completing the conditional jail time as he was awaiting sentencing in this case because he did not pay the cash bail set in this case.

¶7     O'Dierno entered a plea, and on January 10, 2024, the circuit court sentenced O'Dierno to two years of initial confinement followed by five years of extended supervision.  The court ordered 89 days of sentence credit, for the time that O'Dierno was in custody from October 13, 2023 (the day after his conditional jail time ended in the probation case) to January 9, 2024 (the day before sentencing in this case).  The court allowed the parties to submit letters addressing whether O'Dierno was entitled to additional sentence credit.

¶8     In its letter to the circuit court, the State argued that O'Dierno was entitled to only 89 days of sentence credit for the 118 days he was in custody from the end of his conditional jail time in the probation case until the sentencing in this case.  The State reasoned that O'Dierno was not entitled to additional sentence credit for those 118 days because that was part of the sentence in the probation case, citing *Riley*, 175 Wis. 2d at 217, 220-21 (ruling that the defendant in that case was not entitled to sentence credit for the days he served in custody at the Milwaukee House of Correction as a condition of probation in an unrelated case).  In his letter to the court, O'Dierno argued that he was entitled to a total of 207 days of sentence credit for the time he was in custody from his arrest in this case until his sentencing, comprising the 118 days that he was in custody serving the conditional jail time in the probation case and the 89 days that he was in custody from the end of the conditional jail time until his sentencing in this case. O'Dierno reasoned that that entire period of custody since his arrest was in connection with this case, because he was returned to and remained in jail, and

4

was therefore in custody, in the probation case "as a direct result of the course of conduct" in this case.

¶9 The circuit court issued a decision and order rejecting O'Dierno's arguments and confirming the sentence credit award of 89 days. In its analysis, the court relied on *Riley*. O'Dierno, represented by new counsel, filed a postconviction motion for sentence credit, which repeated the arguments he had previously made and specifically argued that *Riley* does not control under the facts of this case.

¶10 The circuit court held a hearing on the postconviction motion, reaffirmed its reliance on *Riley*, and denied the motion for the reasons stated in its prior decision and order.

¶11 O'Dierno appeals.

## DISCUSSION

¶12 Determining whether O'Dierno is entitled to the sentence credit he seeks requires that we apply the sentence credit statute, WIS. STAT. § 973.155, to a particular set of facts, which is a question of law that we review independently. *State v. Zahurones*, 2019 WI App 57, ¶12, 389 Wis. 2d 69, 934 N.W.2d 905.

¶13 A defendant is entitled to "credit toward the service of [the defendant's] sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." WIS. STAT. § 973.155(1)(a). "[A]ctual days spent in custody" includes "confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs" while the defendant awaits trial, is being tried, or awaits the imposition of sentence after trial. § 973.155(1)(a)1.-3.

¶14 "The purpose of WIS. STAT. § 973.155 is to prevent a defendant from serving more time than [the defendant's] sentence calls for." *Zahurones*, 389 Wis. 2d 69, ¶13. When deciding whether a defendant is entitled to sentence credit, a court makes two determinations. *Id.* First, it determines whether the defendant was "in custody" during the relevant time period. *Id.* A defendant is in custody within the meaning of § 973.155(1)(a) when the defendant "is subject to an escape charge if [the defendant] leaves the place of detention." *State v. Obriecht*, 2015 WI 66, ¶25, 363 Wis. 2d 816, 867 N.W.2d 387. Here, the State does not argue that O'Dierno was in custody when he was serving the conditional jail time in the probation case on Huber and electronic monitoring in the community. We deem the State's silence as a concession that service on Huber and electronic monitoring in the community does not satisfy the above definition of custody.[2] The State similarly does not dispute that O'Dierno was taken into and remained in custody when he was serving the conditional jail time in jail after he was arrested in this case. It is also undisputed that O'Dierno remained in custody from the time that he completed service of the conditional jail time in the probation case until he was sentenced in this case.

---

[2] We note that the State asserts that there is no rule defining "custody" such that the change in confinement in this case—from service in the community to service in jail—rather than O'Dierno's unchanging conditional jail status, controls for purposes of sentence credit. However, the State makes this assertion in response to O'Dierno's alternative reliance on WIS. STAT. § 973.155(1)(b), which allows sentence credit for custody that is "in whole or in part the result of a probation … hold … for the same course of conduct as that resulting in the new conviction." We do not address this alternative argument because our conclusion based on § 973.155(1)(a), explained below, is dispositive. To the extent that the State means to argue that O'Dierno was in custody when he was on Huber and electronic monitoring in the community within the meaning of "custody" under § 973.155(1)(a), the State does not develop an argument to that effect and we reject it on that basis. *See Associates Fin. Servs. Co. of Wis., Inc. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (the court may decline to consider conclusory and undeveloped arguments that are not adequately briefed).

¶15 Second, the court determines whether the custody was "'in connection with the course of conduct for which sentence was imposed.'" *Zahurones*, 389 Wis. 2d 69, ¶13 (quoting WIS. STAT. § 973.155(1)(a)). "The term 'course of conduct' … refers to the specific offense or acts embodied in the charge for which the defendant is being sentenced." *Id.*, ¶14. The term "in connection with" means that the period of custody must be "'factually connected with the course of conduct for which sentence was imposed.'" *Id.* (quoted source omitted).

¶16 The question here is whether a defendant is entitled to sentence credit for days of presentence custody during which the defendant was also in custody as a condition of probation in an unrelated case, when the defendant was placed and kept in custody as a result of the defendant's conduct for which sentence was imposed in the case at issue. That question appears to be an issue of first impression. The State argues that a defendant is not entitled to credit under these circumstances pursuant to the rule articulated in *Riley*, 175 Wis. 2d 214. We agree with O'Dierno that the State's reliance on *Riley* is misplaced.

¶17 In *Riley*, the defendant was serving time in jail as a condition of probation in a prior case. He escaped, was taken into custody and placed on a probation hold, and escaped again. *Id.* at 217. After he escaped the second time, he was arrested for operating a vehicle without the owner's consent, as charged in the new case, and he was returned to jail for the remainder of his probation-ordered confinement in the prior case. *Id.* Riley sought sentence credit toward his sentence in the new case, for the time from the day he was arrested for operating a vehicle without the owner's consent to the day he was sentenced in that case, including the time he was confined as a condition of probation in the prior case. *Id.* at 218-19. This court ruled that he was not entitled to credit for the term of confinement ordered for the prior criminal activity, because that confinement was

7

a continuing consequence of the conviction on that prior criminal activity. ***Id.*** at 220-21.

¶18    The significant fact that distinguishes ***Riley*** from this case is that, in ***Riley***, the defendant was serving his probationary confinement in custody pursuant to the probation order in the prior case and was returned to custody after he had escaped to serve the remainder of the probationary confinement imposed in the prior case. *See **id.*** at 217.  That is, his custody after he was arrested in the new case was solely to satisfy a jail term imposed as a condition of probation in the prior case following his escape in that case, independent of his new offense. ***Id.*** at 220-21.  Said more concisely, the defendant in ***Riley*** would have been in custody before and after the new offense, regardless of whether he committed a new offense.  Here, in contrast, O'Dierno was not in custody serving the original probationary confinement when he committed the new offense, and his return to jail was directly triggered by the new charges.  In other words, his custody after his arrest in the new case was not independent of his new offense.  Had the conduct underlying the charges in the new case not occurred, O'Dierno would not have been in custody serving the conditional jail time in the probation case.  This distinction renders ***Riley*** inapplicable here.

¶19    The State appears to argue that O'Dierno's status in the probation case did not change as a result of him being arrested for the conduct in this case—"O'Dierno was in conditional jail status before the [arrest], and he remained in that status thereafter."  However, the statute speaks in terms of "custody," not "status," *see* WIS. STAT. § 973.155(1)(a), and it is undisputed that O'Dierno was not in custody before he was arrested for the conduct in this case.  Rather, unlike in ***Riley***, O'Dierno's service of the conditional jail time in custody was directly "in connection with" his conduct in this case. *See* § 973.155(1)(a).

8

¶20 In sum, under the circumstances here, O'Dierno's service of 118 days in custody on the conditional jail time was "in connection with" his new criminal conduct. *See* § 973.155(1)(a). Accordingly, in these circumstances, O'Dierno is entitled to credit for that time toward his sentence on the new conduct.

## CONCLUSION

¶21 For the reasons stated, we conclude that O'Dierno is entitled to credit toward his sentence in this case for the full 207 days that he spent in custody from the date of his arrest on the charges in this case until his sentencing. Accordingly, we modify that portion of the judgment awarding O'Dierno only 89 days of sentence credit and affirm the judgment as modified; we reverse the entirety of the order denying postconviction relief; and we remand with directions that the circuit court amend the judgment to reflect a total of 207 days of sentence credit.

*By the Court.*—Judgment modified and, as modified, affirmed; order reversed and cause remanded with directions.

Recommended for publication in the official reports.